## Weekly Abstract of PENDING CASES

### No. 936
### ZIPF v. DALGARN

No. 19340. Supreme Court
On review for final determination. Dock. Aug. 25, 1925; 3 Abs. 546.

45. ADVERSE POSSESSION—Must right of, be known to owner and be acquiesced in by him before it can become adverse?

Mary Dalgarn brought an action in the Franklin Common Pleas to enjoin Edward Zipf from moving upon 18 inches of land claimed to be hers by adverse possession and to require Zipf to replace a fence he had torn down, he claiming to be the owner of the disputed 18

inches of land in question.

There was never any dispute about the land until October, 1924, when Zipf had his lot surveyed and found that Dalgarn was maintaining a fence over and upon his property which he removed at her refusal to do so. Dalgarn purchased her property on Sept. 25, 1905. The restraining order was granted in the Common Pleas, and the Court of Appeals affirmed this decree in favor of Dalgarn, but certified the record of the case to the Supreme Court for review and final determination, on account of conflict.

The question raised in the Supreme Court is: Has Dalgarn acquired title by prescription to the 18 inches in question by having maintained a fence from the rear of her house to the rear lot line for a period of 19 years as against Zipf's title which he acquired by deed? The real question is one of adverse possession and under this general question, the questions of taking, mistake, and intention of the parties arise.

It is claimed that "A possession to be adverse, must be open, visible, continuous and exclusive, with a claim of ownership," and "In order to constitute disseizin of the co-tenant, there must be some overt act of unequivocal character to the denial and exclusion of the right of the other co-tenant in the common premises. The mere occupancy of one tenant of the common premises is not evidence of the ouster of the co-tenant."

It is contended that this rule applies to the case at bar. The fence was constructed only over part of the lot, that is the rear part, and on the other part of the lot there was no fence; and Dalgarn and Zipf were the common users of the strip between Zipf's and Dalgarn's houses and there was never any overt act of unequivocal character to denial and exclusion of the right of Zipf, as to the strip in question.

In order that a line other than the true boundary line may eventually ripen into adverse title, it is contended that, "There must be an intention to claim the land within a certain boundary, whether it eventually be the correct one or not. Where, however, intent to claim title exists only upon condition that the fence is on the true line, the intention is not absolute, but conditional, and the possession is not adverse." The construction of the fence under the circumstances of the case cannot be considered as evidencing an intention to claim ownership of the entire part of the lot from one end to the other. "A claim of right shall be such nature and character as to be adverse to the owner of the soil; which must be known to and acquiesced in by said owner."

Attorneys—H. B. Holmes for Zipf; A. Ward Clutch and Warren E. Bigony for Dalgarn; both of Columbus.